```
                               UNITED STATES DISTRICT COURT
                               SOUTHERN DISTRICT OF FLORIDA

                               CASE NO. 06-21434-CIV-COOKE
                               MAGISTRATE JUDGE P.A. WHITE
```

DREW C. HARTLEY,                :

    Plaintiff,              :

v.                              :            REPORT RE TRANSFER
                                                               TO CORRECT VENUE
SGT. CLARK,    et al            :                 (DE#118)

    Defendant(s).           :
_____

      The plaintiff. Drew C Hartley filed a _pro se_ civil rights complaint initially alleging claims which arose out of conditions or events at Everglades Correctional Institution. The plaintiff is now represented by counsel, who has filed a motion to amend in this over three year old case, and the Court granted the motion.

      Counsel filed an amended complaint which includes twenty newly named Defendants, along with numerous John Does. (DE#110). The amended complaint concerns allegations of incidents that have occurred in Santa Rosa Correctional Institution, following the plaintiff's transfer from Everglades Correctional. The plaintiff has further filed a motion for a temporary restraining order for a series of events which have occurred in Santa Rosa Correctional Institution.

This Cause is before the Court upon Defendant Florida Department of Corrections and Warden Randy Tifft's motion to transfer venue and stay proceedings. The defendants correctly argue that most of the newly named defendants are located in the Northern District of Florida where the new allegations in the amended complaint have occurred. The Department of Corrections is located in Tallahassee and Warden Tifft is the Warden of Santa Rosa Correctional Institution. The plaintiff resides in the Northern District of Florida and one defendant, Sgt Clark now resides in the Southern District of Florida. Former Warden and former Assistant Warden of Everglades, who have been subpoenaed, reside in the Northern District. The plaintiff has been advised that the majority of witnesses would be located in the Northern District of Florida. Further, a motion for a temporary restraining order related to actions in Santa Rosa Correctional should be handled in the Northern District where Santa Rosa is located.

The appropriate venue provision in this case is 28 U.S.C. §1391(b). Clark v. Harp, 737 F.Supp. 676 (D. D.C. 1990); Harley v. Oliver, 400 F.Supp. 105 (W.D. Ark. 1975). That section provides in relevant part that a case not based on diversity of citizenship should be brought in the judicial district where any defendant resides or where a substantial part of the events or omissions giving rise to the claim occurred or a substantial part of property

2

that is the subject of the action is situated. Transfer under 28 U.S.C. §1404 includes the convenience of the parties and witnesses, relative ease of access to sources of proof, the cost of obtaining the attendance of witnesses and other practical factors that would make the trial of the case easy, expeditious and inexpensive. See: Stateline Power Corp. V Kremer, 404 F. Supp 2nd 1373 (US Dist. Fla. 2005).

In the interests of justice and convenience of the parties and witnesses, it is recommended that the defendant's motion for transfer of venue (DE#118) be granted, and this case be transferred to the United States District Court for the Northern District of Florida, pursuant to 28 U.S.C. §1406(a). It is further recommended that the motion for a stay of 30 days following the ruling on this motion be denied.

Dated this 9th day of November, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Drew C. Hartley, Pro Se
    c/o A. Hector
    J. Cook
    Ackerman Senterfitt
`   Attorneys of record

    Kathleen M. Savor, AAG
    Ft Lauderdale Office of the Attorney General
    Address of record

J. Mahl, Esq.
John Bajger, Esq.
West Palm Beach Office of AG
Address of record